United States District Court
Southern District of Texas
**ENTERED**
March 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-89 |
| | § | |
| RICHARD SCHMIDT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT RICHARD SCHMIDT'S MOTION FOR SUMMARY JUDGMENT AND DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this prisoner civil rights action, Plaintiff Alberto Rodriguez alleges that two prison dentists acted with deliberate indifference to his serious dental issues be denying his requests for dentures. Pending are cross motions for summary judgment filed by Defendant Dr. Richard Schmidt (D.E. 29) and Plaintiff (D.E. 31). For the reasons stated herein, it is respectfully recommended that the Court **GRANT** Dr. Schmidt's summary judgment motion and **DENY** Plaintiff's summary judgment motion. It is further recommended that the unserved Defendant, Dr. John Doe, be **DISMISSED with prejudice**. Finally, the undersigned recommends the Court enter final judgment and close this case.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff is currently serving a life sentence for capital murder out of Uvalde County, Texas. He was sentenced on March 1, 1984. The facts giving rise to Plaintiff's claims arise in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

In this civil rights action, Plaintiff sues two dentists employed at the McConnell Unit by the TDCJ, Dr. Richard Schmidt and Dr. John Doe. Plaintiff alleges Defendants were personally involved in the decision not to provide him medically necessary dentures and that he is suffering serious health problems as a result of this decision. Plaintiff seeks injunctive relief in the form of being provided with dentures.

On June 5, 2018, a *Spears*[1] hearing was conducted. The undersigned ordered service of the original complaint on the two dentists named in the original complaint. (D.E. 17). Dr. Schmidt filed an answer to the complaint. (D.E. 18).[2] On November 26, 2018, Dr. Schmidt filed a Motion for Summary Judgment. (D.E. 28). While not filing a

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] The parties have offered no information to identify Dr. John Doe, and service was not effectuated on this individual.

response, Plaintiff has submitted a Motion for Summary Judgment. (D.E. 31). Dr. Schmidt has responded to Plaintiff's motion. (D.E. 32)

## III. SUMMARY JUDGMENT EVIDENCE

Dr. Schmidt offers the following summary judgment evidence:

Exh. A: Plaintiff's Relevant Grievance Records (D.E. 29-1).

Exh. B: Plaintiff's Relevant Medical Records (D.E. 29-2).

Exh. C: Affidavit of Dr. Billy Horton (D.E. 29-3)

Plaintiff has not submitted any evidence either in response to Dr. Schmidt's summary judgment motion or in support of his summary judgment motion. Plaintiff's verified complaint and testimony at the *Spears* hearing, however, serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017). Accordingly, the competent summary judgment evidence establishes the following:

### A. Plaintiff's Verified Complaint and *Spears* Hearing Testimony

Plaintiff is a 60-year-old man who is 5'6" tall and weighs 204 pounds. Plaintiff arrived at the McConnell Unit in 2014 and has been housed there ever since. As of July 7, 2017, Plaintiff had lost all of his remaining teeth. Plaintiff is unable to chew solid food properly without suffering from oral pain, headaches, bleeding gums, and swollen sore gums. Plaintiff has trouble swallowing his food because he cannot properly chew it. As a result, Plaintiff has lost significant weight and has difficulty sleeping. He frequently

feels light headed when he has not had enough to eat and has been prone to suffer seizures.

Plaintiff has tried the soft food diet, but it causes him to regurgitate the food. Drs. Schmidt and John Doe have refused to prescribe dentures for Plaintiff. Plaintiff's I-60 written requests for dentures have all been denied. Plaintiff believes that both Dr. Schmidt and Dr. John Doe have the authority to decide whether a prisoner is entitled to receive dentures as a medical necessity. Plaintiff states that his Step 1 and Step 2 grievances have all been denied.

**B. Dr. Schmidt's Evidence Regarding Plaintiff's Grievances**

From February 1, 2017 through June 12, 2018, Plaintiff filed two Step 1 grievances relevant to the claims in this case. (D.E. 29-1). On August 1, 2017, Plaintiff filed a Step 1 Grievance (No. 2017183628), complaining that Dr. Schmidt had denied his request for dentures. (D.E. 29-1, pp. 3-4). This grievance was denied on the grounds that Plaintiff had failed to make at attempt at informal resolution. (D.E. 29-1, p. 4). Plaintiff did not file a Step 2 grievance appeal.

Plaintiff subsequently filed a Step 1 Grievance (No. 2017193728) on August 21, 2017, complaining that his second request for dentures was denied on August 7, 2017. (D.E. 29-1, pp. 5-6). The reviewing officer denied this grievance on the basis that Plaintiff did not meet the criteria for dentures under the applicable policy. (D.E. 29-1, p. 6). Plaintiff did not file a Step 2 grievance appeal.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## V. DISCUSSION

In his summary judgment motion, Dr. Schmidt seeks dismissal of Plaintiff's deliberate indifference claim against him for failure to exhaust his administrative remedies. (D.E. 29, pp. 3-6). Plaintiff does not address the issue of exhaustion in his summary judgment motion. (D.E. 31).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate should then receive a response from the unit official, and if unsatisfied with the response, the inmate has fifteen days to appeal by filing a Step 2 grievance, which is

handled at the state level. *Id.* The Fifth Circuit requires that both steps be completed in order to file suit in federal court. *Id* at 515-16 ("[A] prisoner must pursue a grievance through both steps for it to be considered exhausted."). *See also Dillion v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010) ("under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

In *Johnson*, the Fifth Circuit discussed how much detail is required in a grievance for purposes of effectively exhausting administrative remedies. The Fifth Circuit noted that one of the purposes of the exhaustion requirement is to give officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 517 (citations omitted). A grievance "should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.*

Dr. Schmidt contends that Plaintiff has failed to exhaust his administrative remedies with respect to his deliberate indifference claim by not filing any Step 2 grievances. (D.E. 29, p. 7). Thus, according to Dr. Schmidt, Plaintiff failed to give prison officials an opportunity to address Plaintiff's complaints against Dr. Schmidt because he did not appeal either one of his Step 1 grievances requesting dentures. (D.E. 29, p. 6).

The undersigned finds that Plaintiff has failed to exhaust his deliberate indifference claim through both steps of the grievance process. Plaintiff testified at the *Spears* hearing that his Step 1 and Step 2 grievances have been denied. A review of

Plaintiff's grievance records submitted by Dr. Schmidt, however, reveals that he filed two Step 1 grievances related to his requests for dentures but that he never filed a Step 2 grievance appealing the denial of his Step 1 grievances. (D.E. 29-1).

While it is true that Plaintiff's sworn complaint and testimony at the *Spears* hearing are competent summary judgment evidence, the Fifth Circuit has held that a non-movant cannot satisfy his summary judgment burden with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007). Plaintiff has come forward with no evidence in connection with his summary judgment motion to establish a genuine issue of material fact as to whether he successfully exhausted his administrative remedies as to his deliberate indifference claim against Dr. Schmidt. Thus, even when viewing the competent summary judgment in a light most favorable to Plaintiff, Plaintiff failed to exhaust his claim through both steps of the TDCJ grievance process. Furthermore, no evidence has been presented to excuse exhaustion. Accordingly, Dr. Schmidt is entitled to summary judgment in his favor and dismissal of Plaintiff's deliberate indifference claim with prejudice for lack of exhaustion.[3]

## VI. RECOMMENDATION

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing suit, and there are no circumstances to excuse exhaustion.

[3] A dismissal for failure to exhaust is generally without prejudice. However, because any new grievance filed by Plaintiff would be time-barred under the TDCJ's grievance procedure and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

Thus, it is respectfully recommended that Dr. Schmidt's Motion for Summary Judgment (D.E. 29) be **GRANTED**, that Plaintiff's Motion for Summary Judgment (D.E. 31) be **DENIED**, and that Plaintiff's deliberate indifference claim against Dr. Schmidt be **DISMISSED with prejudice** for failure to exhaust.[4] It is respectfully recommended further that the unserved Defendant, Dr. John Doe, be **DISMISSED with prejudice**. Finally, the undersigned recommends the Court enter final judgment and close this case.

Respectfully submitted this 20th day of March 2019.

Jason B. Libby
United States Magistrate Judge

[4] Because Plaintiff's civil rights action is subject to dismissal with prejudice for failure to exhaust available administrative remedies, it is unnecessary to address Dr. Schmidt's alternative arguments that Plaintiff has not stated an Eighth Amendment claim and that they are entitled to qualified immunity.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).